1

**GEARINGER LAW GROUP**

2

740 FOURTH STREET
SANTA ROSA, CALIFORNIA

3

95404
Tel. (415) 440-3102

4

BRIAN GEARINGER (State Bar #146125)

5

**SCOTT LAW FIRM**

6

1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CALIFORNIA

7

94109
Tel. (415) 561-9600

8

9

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. DE VRIES (State Bar #227215)

10

Attorneys for Plaintiffs FORTUNE PLAYERS GROUP, INC.,
ANGELITA DE LOS REYES and VANESSA PARUNGAO

11

12

IN THE UNITED STATES DISTRICT COURT

13

FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15

| FORTUNE PLAYERS GROUP, INC., ANGELITA DE LOS REYES, and VANESSA PARUNGAO | Case No. |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983)** |
| v. | |
| WAYNE QUINT, JR., YOLANDA SANCHEZ, AARON WONG, MICHAEL FANUCCHI, MARK LEGAREJOS, MICAH SCOTT, STEVE NORRIS, HOLLY KINNEY, ROCHELLE SHADWICK and DOES ONE to FIFTY, inclusive. | |
| Defendants. | |

16

17

18

19

20

21

22

23

24

25

26

Plaintiffs complain of Defendants and allege that:

27

/ / /

28

/ / /

# I.   JURISDICTION AND VENUE

1.     The Court has jurisdiction to grant the relief requested herein pursuant to the Civil Rights Acts, 42 U.S.C. §1983, *et seq*, the Judicial Code, 28 U.S.C. §§1331, 1343 and 2201, the Constitution of the United States.

2.     Venue in this Court is proper because the acts complained of occurred in the Northern District of California.

# II.   PARTIES

3.     Plaintiff Fortune Players Group, Inc. ("Fortune Players Group") is a California corporation engaged in the business of third party propositional player services.

4.     Plaintiffs Angelita De Los Reyes and Vanessa Parungao are employees of Fortune Players Group and perform clerical and administrative functions at the Fortune Players Group office located at 333 Gellert Blvd., Suite 226, Daly City, California.

5.     Defendant Wayne Quint, Jr. is the Bureau Chief for the Bureau of Gambling Control for the State of California.  He is sued both individually and in his official capacity.  As Bureau Chief of the Bureau of Gambling Control he is responsible for all investigatory functions as required under the Gambling Control Act and as set forth in California Business and Professions Code Section 19826 and 19827. At all times mentioned herein he acted under color of state law.

6.      Defendants Yolanda Sanchez, Aaron Wong, Michael Fanucchi, Mark Legarejos, Micah Scott, and Steve Norris are Special Agents for the Bureau of Gambling Control.  They are sued in their individual capacities. They are law enforcement officers with police powers whose duties include investigative functions for the Bureau of Gambling Control. At all times mentioned herein they acted under color of state law.

7.     Defendants Holly Kinney and Rochelle Shadwick are Licensing Unit Employees for the Bureau of Gambling Control.  They are sued in their individual capacities.  At all times mentioned herein they acted under color of state law.

8.     Plaintiff is ignorant of the true names and capacities of the defendants sued in this litigation as Does One through Fifty, inclusive and, as a result, sues these defendants by these

fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these defendants once they have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named defendants (1) is in some manner responsible for the injuries and damages to Plaintiff alleged in this Complaint and (2) at all times mentioned herein acted under color of state law.

9.     The individual defendants carried out the actions complained of in their individual capacities, under color of state law, and/or in the course and scope of their employment as employees of the Bureau of Gambling Control for the State of California.

10.     The defendants, and each of them, conspired or acted in concert with Maria Escueta and agents and employees of the California Department of Fair Employment and Housing to achieve a common goal.

### III.     STATEMENT OF FACTS

11.     Beginning in 2010, Fortune Players Group contracted with Lucky Chances Casino, a licensed gambling establishment located at 1700 Hillside Blvd., Colma, California.

12.      Fortune Players Group and Lucky Chances regulated by the Bureau of Gambling Control, a subdivision of the California Department of Justice, Division of Law Enforcement. The Bureau Chief for the Bureau of Gambling Control is Wayne Quint, Jr.  The Bureau of Gambling Control has as one it its mandates the responsibility for enforcing statutes and regulations relating to licensed gambling establishments in the State of California.

13.      On July 1, 2014 the Department of Fair Employment and Housing filed a lawsuit in San Mateo County Superior Court on behalf of Maria Escueta, an employee of Fortune Players Group, alleging she was denied a promotion because of discrimination and retaliation ("Escueta lawsuit").  (See the July 1, 2014 Complaint filed by the Department of Fair Employment and Housing attached as Exhibit A.)

14.     The Escueta lawsuit was contested by Fortune Players Group, which denied the allegations in the lawsuit.

15.     On February 13, 2015 the deposition of Daniel Chan was conducted in the Escueta lawsuit.  Mr. Chan was the fiancé of Ms. Escueta.  They are now married.  He testified

1    that Rene Medina, who previously sold his interest in Lucky Chances Casino, somehow

2    controlled the operations of both Fortune Players Group and Lucky Chances Casino.

3        16.     During 2007, Rene Medina sold his interest in Lucky Chances Casino.  As part of

4    the sales transaction, the California Gambling Contol Commission  added conditions to the

5    license which limit Rene Medina's contact with the Lucky Chances Casino  This included a

6    provision that Rene Medina shall be prohibited from entering, being present in, or in any way

7    patronizing (a) the areas within Lucky Chances Casino in which controlled gambling is

8    conducted or (b) any other areas related to the gambling operation, such as count and

9    surveillance rooms, including all of the second floor at Lucky Chances Casino.  Notably, this

10   provision to the license did not include any reference to Fortune Players Group or its offices in

11   Daly City.  Rene Medina has never owned an interest in Fortune Players Group.

12       17.     On October 6, 2015, the attorneys for the Department of Fair Employment and

13   Housing issued a trial subpoena to Yolanda Sanchez, a Special Agent for the Bureau of

14   Gambling Control, for the Escueta lawsuit. (See the October 6, 2015 Civil Subpoena for Personal

15   Appearance at Trial or Hearing served by the Department of Fair Employment and Housing

16   attached as Exhibit B.)

17       18.     The Escueta lawsuit was scheduled to commence trial on October 12, 2015.

18   Because no courtroom was available the Escueta lawsuit trailed on a day to day basis.

19       19.     On October 15, 2015 at approximately 10:50 am, six Special Agents of the

20   Bureau of Gambling Control (Defendants Yolanda Sanchez, Aaron Wong, Michael Fanucchi,

21   Mark Lagarejos, Micah Scott and Steve Norris) and two licensing unit employees (Defendants

22   Holly Kinney and Rochelle Shadwick), while acting under color of state law, entered the offices

23   of Fortune Players Group without an appointment and without a warrant.

24       20.     Plaintiff Vanessa Parungao ("Ms. Parungao") was confronted at the front door to

25   the offices of Fortune Players Group by a man wearing a police jacket, and others who identified

26   themselves as agents from the Department of Justice.  They entered the offices of Fortune

27   Players Group, took three chairs from the office area, and placed them in the lunch room.

28

21.    At the time the eight agents of the Bureau of Gambling Control entered the offices of Fortune Players Group, Plaintiff Angelita De Los Reyes ("Ms. De Los Reyes") was meeting with Steven Li, another employee of Fortune Players Group. Ms. De Los Reyes was the office manager of Fortune Players Group and Ms. Parungao's immediate supervisor.

22.    Ms. De Los Reyes was ordered to complete her meeting with Mr. Li so that Mr. Li could leave.

23.    As soon as Mr. Li left the offices of Fortune Players Group, both Ms. Parungao and Ms. De Los Reyes were ordered to go to the lunch room. They were both then directed, one at a time, to come to the office area to be photographed.  Meanwhile, the eight agents of the Bureau of Gambling Control proceeded to search the offices of Fortune Players Group and seize its property as well as the personal property of Ms. Parungao and Ms. De Los Reyes.

24.    Shortly thereafter, Ms. Parungao was ordered to leave the lunch room and come to a couch in the office area to be questioned.  Defendant Yolanda Sanchez then proceeded to interrogate Ms. Parungao regarding her knowledge of Rene Medina and her previous contacts with him, among other subjects.

25.    Ms. Parungao was then directed to return to the lunch room.  Later, Ms. Parungao asked for permission to go to the bathroom.  She was escorted by two women – Defendants Holly Kinney and Rochelle Shadwick.  After being escorted back to the lunch room, Ms. Parungao was asked by an unknown male agent why her computer browser was not working. One of the agents then asked Ms. Parungao for the password to a computer, but she did not have that information.

26.    While Ms. Parungao was being interrogated by Yolanda Sanchez, a male agent, Aaron Wong, began interrogating Ms. De Los Reyes in the lunch room.  Mr. Wong told Ms. De Los Reyes that she could not use her cell phone and that she could not answer the business phones that were ringing.  Soon thereafter, certain of the agents turned off the ringers on the business phones.  Immediately after Ms. Parungao's interrogation was over, Ms. De Los Reyes was directed to the couch in the office area and was interrogated by both Yolanda Sanchez and Aaron Wong.  During the interrogation she was asked questions about her daily planners that

were taken from her private office.  The interrogation included questions about salary increases, former employees, Marie Escueta, and Rene Medina.

27.    Later that afternoon, Yolanda Sanchez instructed Ms. De Los Reyes to open her cellphone so she could examine it with Aaron Wong.  Ms. Sanchez and Mr. Wong proceeded to copy and forward some of Ms. De Los Reyes' private messages.

28.    Just before the eight agents left the offices of Fortune Players Group, Ms. De Los Reyes was asked by Yolanda Sanchez to sign a property receipt.  Ms. De Los Reyes noticed that three checks of Fortune Media News that were on her desk and taken by the agents were not on the receipt.  Ms. De Los Reyes also noticed that documents relating to her personal bank account, unrelated to Fortune Players Group, were missing.

29.    At approximately 3:30pm that afternoon, the eight agents of the Bureau of Gambling Control left the offices of Fortune Players Group, nearly five hours after they entered the offices of Fortune Players Group. It was not until the eight agents of the Bureau of Gambling Control left the office that Ms. Parungao was allowed to leave the lunch room.

30.    The plaintiffs have information and believe that the October 15, 2015 warrantless search of the Fortune Players Group office in Daly City was approved, authorized and ratified by Defendant Wayne Quint, Jr., Bureau Chief for the Bureau of Gambling Control.  The plaintiffs also have information and believe that all of the Defendants knew or should have known that the search and seizure of evidence, without a warrant, was unlawful and not within the scope of investigatory powers provided by California Business and Profession Code Section 19827.

31.    California Business and Professions Code Section 19827 provides as follows:

**19827. DEPARTMENT; POWERS; INVESTIGATIONS**

(a) The department has all powers necessary and proper to enable it to carry out fully and effectually the duties and responsibilities of the department specified in this chapter. The investigatory powers of the department include, but are not limited to, all of the following:

(1) Upon approval of the chief, and without notice or warrant, the department may take any of the following actions:

(A) Visit, investigate, and place expert accountants, technicians, and any other person, as it may deem necessary, in all areas of the premises wherein controlled gambling is

conducted for the purpose of determining compliance with the rules and regulations adopted pursuant to this chapter.

(B) Visit, inspect, and examine all premises where gambling equipment is manufactured, sold, or distributed.

(C) Inspect all equipment and supplies in any gambling establishment or in any premises where gambling equipment is manufactured, sold, or distributed.

(D) Summarily seize, remove, and impound any equipment, supplies, documents, or records from any licensed premises for the purpose of examination and inspection. However, upon reasonable demand by the licensee or the licensee's authorized representative, a copy of all documents and records seized shall be made and left on the premises.

(E) Demand access to, and inspect, examine, photocopy, and audit all papers, books, and records of an owner licensee on the gambling premises in the presence of the licensee or his or her agent.

(2) Except as provided in paragraph (1), upon obtaining an inspection warrant pursuant to Section 1822.60 of the Code of Civil Procedure, the department may inspect and seize for inspection, examination, or photocopying any property possessed, controlled, bailed, or otherwise held by any applicant, licensee, or any intermediary company, or holding company.

(3) The department may investigate, for purposes of prosecution, any suspected criminal violation of this chapter. However, nothing in this paragraph limits the powers conferred by any other law on agents of the department who are peace officers.

(4) The department may do both of the following:

(A) Issue subpoenas to require the attendance and testimony of witnesses and the production of books, records, documents, and physical materials.

(B) Administer oaths, examine witnesses under oath, take evidence, and take depositions and affidavits or declarations. Notwithstanding Section 11189 of the Government Code, the department, without leave of court, may take the deposition of any applicant or any licensee. Sections 11185 and 11191 of the Government Code do not apply to a witness who is an applicant or a licensee.

(b) (1) Subdivision (a) shall not be construed to limit warrantless inspections except as required by the California Constitution or the United States Constitution.

(2) Subdivision (a) shall not be construed to prevent entries and administrative inspections, including seizures of property, without a warrant in the following circumstances:

(A) With the consent of the owner, operator, or agent in charge of the premises.

(B) In situations presenting imminent danger to health and safety.

(C) In situations involving inspection of conveyances where there is reasonable cause to believe that the mobility of the conveyance makes it impractical to obtain a warrant, or in any other exceptional or emergency circumstance where time or opportunity to apply for a warrant is lacking.

(D) In accordance with this chapter.

(E) In all other situations where a warrant is not constitutionally required.

32.     The actions of the eight agents of the Bureau of Gambling Control on October 15, 2015, including but not limited to the search and seizure of the offices of Fortune Players Group without a warrant, and related interrogations of Ms. Parungao and Ms. De Los Reyes while falsely imprisoned, was not within the scope of California Business and Professions Code Section 19827.

33.     On October 19, 2015, a courtroom became available and the trial of Escueta lawsuit commenced in San Mateo County Superior Court.

34.     On October 21, 2015, Special Agent Yolanda Sanchez wrote a five page report regarding the events of October 15, 2015 at the offices of Fortune Players Group. Ms. Sanchez's report specifically refers to the Department of Fair Employment and Housing lawsuit brought on behalf of Maria Escueta against Fortune Players Group and includes admissions that the purpose and focus of the search was to obtain evidence to be used against Fortune Players Group in the lawsuit brought by Department of Fair Employment and Housing. (See the October 21, 2015 Bureau of Gambling Control Investigation Report prepared by Special Agent Yolanda Sanchez attached as Exhibit C.)

35.     On October 26, 2015 the attorney for the Department of Fair Employment and Housing, Nelson Chan, called Special Agent Yolanda Sanchez as a witness on behalf of the Department of Fair Employment and Housing. Her testimony was admitted, over an objection made by Fortune Players Group. Sanchez testified regarding her October 15, 2015 "on-site inspection of Fortune Players Group." (See the October 26, 2015 trial testimony in the Escueta lawsuit attached as Exhibit D.) Specifically, Special Agent Sanchez testified regarding certain of the property seized by the eight agents of the Bureau of Gambling Control during their search of the offices of Fortune Players Group on October 15, 2015. The Department of Fair Employment and Housing introduced into evidence at trial two of the work planners of Ms. De Los Reyes seized during the October 15, 2015 inspection. The Department of Fair Employment and Housing also introduced into evidence at trial photos taken of text messages on the cell phone of

1    Ms. De Los Reyes, which Special Agents took after she seized the cell phone of Ms. De Los

2    Reyes during the October 15, 2015 inspection.

3         36.    On October 30, 2015 a verdict was rendered on behalf of the Department of Fair

4    Employment and Housing and against Fortune Players Group.

## IV.    STATEMENT OF DAMAGES

6         37.    As a result of the acts and/or omissions of Defendants, and each of them, Plaintiff

7    Fortune Players Group, Inc.'s business was damaged, including but limited to the verdict in the

8    Escueta lawsuit, in amounts to be determined according to proof.

9         38.    As a result of the acts and/or omissions of Defendants, and each of them,

10   Plaintiffs Angelita De Los Reyes and Vanessa Parungao suffered emotional distress including

11   suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and

12   shame, in amounts to be determined according to proof.

13        39.    As set forth above, the acts and/or omissions of Defendants, and each of them,

14   were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless

15   disregard for the constitutional rights and state law rights of Plaintiffs. Plaintiffs therefore will

16   seek an award of punitive and exemplary damages, against Defendants, and each of them, in

17   amounts to be determined according to proof.

18        40.    Plaintiffs retained private counsel to represent them in this matter and are entitled

19   to an award of attorneys' fees, pursuant to 42 U.S.C. Section 1988.

## V.    PLAINTIFFS' CLAIMS

21        41.    All claims for relief set forth below incorporate all of the facts set forth above.

## FIRST CLAIM FOR RELIEF

**U.S.C. § 1983 – Facial violation of the Fourth Amendment to the U.S. Constitution**

24        42.    California Business and Professions Code Section 19827 facially violates the

25   Fourth Amendment to the United States Constitution by allowing the Bureau of Gambling

26   Control unfettered discretion to carry out warrantless searches and seizures without affording the

27   opportunity for a precompliance review.

28             WHEREFORE, plaintiff Fortune Players Group, Inc. prays for declaratory and

COMPLAINT/JURY TRIAL DEMANDED          9          UNITED STATES DISTRICT COURT CASE NUMBER

injunctive relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Facial violation of the Fourteenth Amendment to the U.S. Constitution (Procedural Due Process) (Substantive Due Process)**

43.    California Business and Professions Code Section 19827 facially violates the procedural and substantive due process clauses of the Fourth Amendment to the United States Constitution by allowing the Bureau of Gambling Control unfettered discretion to carry out warrantless searches and seizures without affording the opportunity for a precompliance review.

WHEREFORE, plaintiff Fortune Players Group, Inc. prays for declaratory and injunctive relief as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
**42 U.S.C. § 1983 – "As applied" violation of the Fourth Amendment to the U.S. Constitution**

44.    The above-described warrantless search of the offices of Fortune Players Group was without purpose or justification in law, lacked probable cause, failed to afford the requisite opportunity for a precompliance review,  was objectively unreasonable, was unnecessary, was not privileged in any way or protected by qualified immunity, and was in violation of the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff Fortune Players Group, Inc. prays for declaratory and injunctive relief as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Violation of the Fourteenth Amendment to   U.S. Constitution's right to procedural due process ("As Applied")**

45.    The above-described warrantless search of the offices of Fortune Players Group allowed the Bureau of Gambling Control unfettered discretion, and failed to afford the requisite opportunity for a precompliance review, in violation of the procedural due process clause of the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff Fortune Players Group, Inc. prays for declaratory and injunctive relief as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Violation of the Fourth Amendment to the U.S. Constitution**

46.     The above-described search of Fortune Players Group, Inc. was without purpose or justification in law, lacked probable cause, was objectively unreasonable, was unnecessary, was not privileged in any way or protected by qualified immunity, and was in violation of the Fourth Amendment.

WHEREFORE, plaintiffs pray for damages as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF
**Egregious Official Conduct Intended to Injure Unjustified by Any Government Interest
42 U.S.C. § 1983 – Violation of the right to substantive due process guaranteed by the
Fourteenth Amendment to the U.S. Constitution**

47.     The above-described search of the offices of Fortune Players Group was without purpose or justification in law, was subjectively unreasonable, was unnecessary, was not privileged in any way or protected by qualified immunity, and was in violation of the  Fourteenth Amendment.  The actions and behavior of Defendants, and each of them, constituted abuses of power, which "shock the conscience", in violation of the guarantee of substantive due process as protected by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, plaintiffs pray for damages as hereinafter set forth.

## SEVENTH CLAIM FOR RELIEF
**Conspiracy to Commit 42 U.S.C. § 1983 – Violations of the Fourth and Fourteenth
Amendments to the U.S. Constitution**

48.     The above-described search of the offices of Fortune Players Group was the result of a conspiracy to deprive Plaintiffs of their constitutional rights between Defendants, and each of them, Maria Escueta, and agents and employees of the California Bureau of Gambling Control and the California Department of Fair Employment and Housing.

WHEREFORE, plaintiffs pray for damages as hereinafter set forth.

/ / /

/ / /

/ / /

### EIGHTH CLAIM FOR RELIEF
#### False Imprisonment – 42 U.S.C. § 1983

49.     Defendants, and each of them, falsely imprisoned Plaintiffs Vanessa Parungao and Angelita De Los Reyes or caused Plaintiffs Vanessa Parungao and Angelita De Los Reyes to be falsely imprisoned.

50.     Defendants conduct was a substantial factor in causing Plaintiffs' harm.

WHEREFORE, plaintiffs Vanessa Parungao and Angelita De Los Reyes pray for damages as hereinafter set forth.

### PRAYER

1.      For a declaration stating that the warrantless search and seizure provisions of California Business and Professions Code Section 19827 violate the Fourth Amendment to the United States Constitution, both facially and as applied to the October 15, 2015 raid of the offices of Fortune Players Group;

2.      For a declaration stating that the warrantless search and seizure provisions of California Business and Professions Code Section 19827 violate the procedural due process clause of the Fourteenth Amendment to the United States Constitution, both facially and as applied to the October 15, 2015 raid of the offices of Fortune Players Group;

3.      For a declaration stating that the warrantless search and seizure provisions of California Business and Professions Code Section 19827 violate the substantive due process clause of the Fourteenth Amendment to the United States Constitution, both facially and as applied to the October 15, 2015 raid of the Fortune Players Group;

4.      For a preliminary and permanent injunction prohibiting any warrantless searches or seizures of offices of Fortune Players Group pursuant to the California Business and Professional Code Section 19827;

5.      For compensatory damages and other special damages according to proof;

6.      For general damages according to proof;

7.      For punitive damages against all individual defendants according to proof;

8.      For prejudgment interest at the legal rate according to proof;

9.    For costs and attorney's fees; and

10.   For such other relief as the Court may deem proper.

Dated: February 17, 2016

**SCOTT LAW OFFICE**


By: /s/John Houston Scott
      JOHN HOUSTON SCOTT
      Attorneys for Plaintiffs FORTUNE PLAYERS
      GROUP, INC., ANGELITA DE LOS REYES
      and VANESSA PARUNGAO


**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury in this action as to the damage claims alleged.

Dated: February 17, 2016

**SCOTT LAW OFFICE**


By: /s/John Houston Scott
      JOHN HOUSTON SCOTT
      Attorneys for Plaintiffs FORTUNE PLAYERS
      GROUP, INC., ANGELITA DE LOS REYES
      and VANESSA PARUNGAO