UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTUNE PLAYERS GROUP, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WAYNE QUINT, JR., et al.,<br><br>　　　　　Defendants. | Case No.  16-cv-00800-TEH<br><br>**ORDER DENYING NON-PARTY DFEH'S MOTION FOR LIMITED INTERVENTION** |

　　　This matter comes before the Court on a motion for limited intervention filed by the Department of Fair Employment and Housing ("DFEH"). While DFEH's motion was pending, the parties to the original action—Fortune Players Group, Inc. and Wayne Quint Jr., as well as other agents of the Bureau of Gambling Control ("Bureau")—entered into a binding settlement agreement. In light of the settlement agreement, any interest DFEH might have had in intervention is now moot and the motion is hereby DENIED.

　　　An applicant seeking intervention as of right bears the burden of showing that four elements are satisfied:
>　(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks and citation omitted).

　　　DFEH seeks intervention for the limited purpose of requesting that the present federal action be dismissed in order to avoid any interference with an ongoing appeal in a state court case—*Dep't of Fair Employment and Housing v. Fortune Players Group, Inc*. (1st Dist. Ct. App. filed June 17, 2016, A148624). Now that the case before this Court has settled and dismissal is forthcoming, DFEH cannot show that the disposition of this action

1  will interfere with its ability to protect its interest in the state litigation. DFEH's only
2  asserted interest is to ensure that there is no ruling by this Court on the constitutionality of
3  the Bureau's search of the premises of Fortune Players Group. Mot. at 7-8 (ECF No. 61).
4  This Court will not render a decision on the constitutionality of the search, and there is
5  nothing in the settlement agreement to suggest a finding of a Fourth Amendment violation
6  or an admission of such a violation. Consequently, there is no reason to believe that
7  DFEH's interests will be adversely impacted by dismissal of this case once the settlement
8  agreement has been executed.[1]

At oral argument, counsel for DFEH expressed some concerns that evidence of the settlement agreement might be admitted against it in the pending state court appeal for reasons other than liability. Those concerns do not rise to the level of a significant protectable interest in the present litigation to justify intervention as of right after the parties have agreed to settle. Permissive intervention is also not appropriate here because there is no question of law or fact that remains for the Court to decide. Fed. R. Civ. Proc. 24(b). Moreover, the Court has discretion to deny permissive intervention and would do so here. *See Orange County v. Air Calif.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court…").

Having found that DFEH has not met its burden of showing that dismissal of the complaint following entry of settlement will interfere with its interests, the Court DENIES DFEH's motion to intervene in its entirety.

**IT IS SO ORDERED.**

Dated:   12/19/16

_____
THELTON E. HENDERSON
United States District Judge

---

[1] DFEH's reliance on Tenth Circuit cases is misplaced. *See Tosco Corp. v. Hodel*, 804 F.2d 590 (10th Cir. 1986); *Federal Deposit Ins. Corp. v, Jennings*, 816 F.2d 1488 (10th Cir. 1987). Neither case is binding on this Court. Neither case stands for the proposition that a motion to intervene filed prior to an agreement to settle requires a district court to hear and decide the motion on the merits.

2